GOEBEL *v.* LOOK.[1]

1. WITNESSES—COMPETENCY—TRANSACTIONS WITH PERSONS SINCE DECEASED.

   Upon summary proceedings by the trustee of an estate, against a tenant holding under a written lease made by plaintiff's decedent, defendant cannot testify to a verbal modification of the lease made by decedent and himself.

2. EVIDENCE—WRITTEN CONTRACT—LEASE—CHANGING BY PAROL.
   Upon summary proceedings to obtain possession of leased

[1] Rehearing denied September 15, 1908.

premises for nonpayment of rent reserved by written lease, defendant cannot show a verbal modification of the lease postponing the time of payment.

Error to Wayne; Donovan, J. Submitted April 13, 1908. (Docket No. 40.) Decided June 27, 1908.

Summary proceedings by August Goebel, Jr., trustee of the estate of August Goebel, deceased, against William Look for the possession of certain leased premises. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*James H. Pound,* for appellant.

*Lewis A. Stoneman,* for appellee.

McALVAY, J. This action was brought by the trustee of the estate of August Goebel, deceased, against defendant before a circuit court commissioner for Wayne county, on April 26, 1907, to obtain restitution of certain premises leased by deceased during his lifetime under a written lease for a certain fixed term of five years, which provided that the rent should be "payable in monthly installments of thirty dollars ($30) each and every month in advance." The rent for January, February, March, and April, 1907, was claimed to be past due and unpaid. Judgment was rendered by the commissioner in favor of the plaintiff. Defendant appealed to the circuit court, where, upon proof made by plaintiff, and the defendant admitting that the rent was unpaid, the court directed a verdict in favor of the plaintiff. On the trial, defendant offered to show by his own testimony and that of his brother a verbal modification of the lease claimed to have been made by plaintiff's decedent with the defendant whereby for about four years following the rent was made payable "during the month." This was excluded by the court upon the ground that defendant could not testify at all as to matters equally within the knowledge of plaintiff's decedent,

and that the terms of a written agreement could not be varied or changed by parol.

Upon both propositions the trial court was correct. These propositions are so well established that citation of authorities is unnecessary.

The judgment of the circuit court is affirmed, with costs.

GRANT, C. J., and BLAIR, MONTGOMERY, and CARPENTER, JJ., concurred.